THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ZAHID KHAN,

CASE NO. C20-0125-JCC

10

                                    Petitioner,

ORDER

11          v.

12   RON HAYNES,

13                                    Respondent.

14

15          This matter comes before the Court on Petitioner Zahid Khan's objections to Magistrate

16   Judge Peterson's Report and Recommendation ("R&R") recommending that the Court deny Mr.

17   Khan's petition for a writ of habeas corpus (Dkt. No. 16). Having thoroughly considered the

18   parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby

19   OVERRULES Mr. Khan's objections, ADOPTS and MODIFIES the R&R, and DENIES Mr.

20   Khan's petition.

21   **I.     INTRODUCTION**

22          Zahid Khan was convicted of molesting and raping his stepdaughter when she was

23   between eleven and fourteen years old.[1] (See Dkt. No. 10-1 at 511, 663–65.) After exhausting his

24   direct appeals, Mr. Khan sought collateral relief in state court, where he argued, among other

25

26   _____
     [1] The details of the crimes are set forth in the R&R. (See Dkt. No. 15 at 2–3.)

things, that his trial counsel was constitutionally ineffective for failing to secure an interpreter for him at trial. (*Id.* at 727–28, 733–49.) After some preliminary proceedings in the state trial court and court of appeals, the Washington Supreme Court ordered the trial court to hold a hearing to determine "whether [Mr. Khan's] English fluency at the time of trial demanded an interpreter," *In re Khan*, 363 P.3d 577, 694 (Wash. 2015), and, if it did, "whether there is a reasonable probability that but for counsel's errors, the result of the trial would have been different," *id.* at 692–93. After hearing testimony from eight witnesses over three days, the Skagit County Superior Court concluded that Mr. Khan's trial counsel's performance was deficient because he failed to secure an interpreter, but Mr. Khan was not prejudiced. (Dkt. No. 10-2 at 554–58, 560–61.) As a result, the court denied Mr. Khan's petition. (*Id.* at 561.) Mr. Khan appealed to the Washington Court of Appeals, which affirmed the trial court, and to the Washington Supreme Court, which denied review. (*Id.* at 639–57, 715.)

Mr. Khan then filed the instant petition, in which he argues that his attorney for his post-conviction hearing was ineffective because she did not call him to testify.[2] (Dkt. No. 1 at 11–15.) Mr. Khan argues that if he had testified at the hearing there is a reasonable probability the court would have concluded that he was prejudiced. (*Id.* at 14–15.) Therefore, Mr. Khan argues, this Court should hold an evidentiary hearing to determine whether his post-conviction counsel was ineffective and, if she was, the Court should determine *de novo* whether he was prejudiced by his trial counsel's failure to secure an interpreter after holding a second hearing at which he can testify. (Dkt. No. 13 at 2–3.) Judge Peterson recommends that the Court decline to hold an

---

[2] Mr. Khan represents in the petition that he "does not challenge the reference hearing findings." (Dkt. No. 1 at 14.) But, in his reply brief, he appears to do just that, arguing that "the state court's conclusion was unreasonable." (Dkt. No. 13 at 2, 7.) Judge Peterson addressed this argument in the R&R and recommends that the Court deny Mr. Khan relief on this ground. (*See* Dkt. No. 15 at 16–17.) Mr. Khan does not object to that recommendation. (*See* Dkt. No. 16 at 1–2) (noting that "Khan does not disagree" with Judge Peterson's conclusion that the state court's prejudice conclusion was reasonable "based on the record from both trial and the reference hearing."). Therefore, the Court ADOPTS Judge Peterson's recommendation and DENIES Mr. Khan relief under 28 U.S.C. § 2254(d) as it relates to this ground.

evidentiary hearing and deny Mr. Khan's petition. (Dkt. No. 15.) Mr. Khan objects. (Dkt. No. 16.)

## II.    BACKGROUND

Federal court review of a state court's disposition of a prisoner's collateral attack on a state conviction is limited. For purposes of Mr. Khan's motion, the most relevant limitation is the procedural default doctrine, which prohibits a federal court from hearing a claim that a state prisoner fails to present to the state courts because of the prisoner's failure to comply with a state procedural rule. *Wainwright v. Sykes*, 433 U.S. 72, 84–85, 90–91 (1977). However, if a prisoner can show cause for the default and prejudice, the federal court may excuse the default and hear the claim. *Id.* One way a prisoner can show cause and prejudice is to show that his or her post-conviction "attorney's errors . . . caused [the] procedural default at an initial-review collateral proceeding" and that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one."[3] *Martinez v. Ryan*, 566 U.S. 1, 14–15 (2012).

In *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), the Ninth Circuit arguably expanded the *Martinez* doctrine further. There, Dickens was convicted of felony first-degree murder and other crimes and was sentenced to death. *Id.* at 1306–08. Dickens argued on state collateral review that his sentencing counsel was ineffective for not adequately investigating his background and not directing the work of a court-appointed psychologist. *Id.* at 1317. After the state courts rejected that claim, he made a similar argument in federal court but added extensive new factual allegations and identified two specific medical conditions his attorney should have investigated. *Id.* The district court held that these new allegations "fundamentally altered" Dickens's claim because they placed it in a "significantly different and stronger evidentiary posture." *Id.* Therefore, the court held, the claim Dickens presented to the federal court was a

---

[3] An "initial-review collateral proceeding" is a collateral proceeding that "provide[s] the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 8.

"new claim" that was not presented to the state courts, and because Arizona procedural rules prevented him from presenting it to the Arizona courts at that point, the new claim was procedurally defaulted.[4] *Id.* The Ninth Circuit agreed. *Id.* at 1318–19. However, the Ninth Circuit remanded for the district court to hold a hearing at which Dickens could present evidence to show that the default should be excused under *Martinez*. *Id.* at 1321–22. If the default were excused, the district court would review the underlying ineffective assistance of trial counsel claim *de novo*. *Id.* at 1321. Thus, *Dickens* leaves a narrow path for a state prisoner to avoid section 2254's strictures and have a federal court review his or her ineffective assistance of trial counsel claim *de novo*. To have the Court do so here, Mr. Khan must show that *Martinez* applies.

Judge Peterson concluded that *Martinez* and *Dickens* do not entitle Mr. Khan to an evidentiary hearing because *Martinez* applies only in the context of a procedural default, and "there is no procedural default to overcome in this case," (Dkt. No. 15 at 21), because the State "has not argued Petitioner's . . . claim is procedurally barred," (*id.* at 19), and the "new facts" Mr. Khan raises "do not fundamentally alter [his] ineffective assistance of trial counsel claim or place the claim in a significantly different or stronger evidentiary posture than when the state courts considered it,"[5] (*id.* at 20).

Mr. Khan objects, arguing that the R&R incorrectly concluded "that a *Martinez* claim is limited to claims which were procedurally defaulted in state court," (Dkt. No. 16 at 2), and that

---

[4] The Ninth Circuit "recognize[s] two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so." *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). In *Dickens*, the Ninth Circuit held that Dickens's claim was subject to an implied procedural bar. 740 F.3d at 1318–19.

[5] Because Judge Peterson concluded that Mr. Khan did not procedurally default his ineffective assistance of trial counsel claim, she did not analyze whether the collateral proceeding at issue here was an initial-review collateral proceeding or whether Mr. Khan's underlying ineffective assistance of trial counsel claim was substantial. Because the Court agrees with Judge Peterson that there is no procedural default here, the Court need not analyze these elements either.

even if *Martinez* is so limited, his post-conviction attorney's decision not to call him as a witness at the hearing "practically speaking, resulted in the procedural default of Khan's [ineffective assistance of trial counsel] claim," (*id.* at 7), because his "state post-conviction counsel . . . failed to present the most relevant and potentially most persuasive evidence possible—the testimony of Khan," (*id.* at 5).

## III.  LEGAL STANDARD

The Court "may accept, reject, or modify" a magistrate judge's report and recommendation on a petitioner's application for posttrial relief or the court may "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).

## IV.  DISCUSSION

Mr. Khan's first objection—that *Martinez* applies outside the context of a procedural default—appears to be based on a misunderstanding of *Dickens*. In *Dickens*, the Ninth Circuit "conclude[d] that Dickens's claim [was] procedurally defaulted because he never presented it to the state courts and would now be barred from doing so." 740 F.3d at 1317. Therefore, *Dickens* does not stand for the proposition that *Martinez* applies outside the context of a procedural default. At the same time, the R&R's conclusion that *Martinez* does not apply here because the State "has not argued Petitioner's ineffective assistance of trial counsel claim is procedurally barred," (Dkt. No. 15 at 19), has been rejected by the Ninth Circuit, albeit in a non-binding memorandum opinion: "there is no merit to the government's argument that it can prevent *Martinez* from applying by simply refraining from raising the procedural bar." *Hill v. Glebe*, 654 F. App'x 294, 295 (9th Cir. 2016). Although *Hill* is not binding, the Court agrees with the Ninth Circuit's reasoning. If the claim Mr. Khan seeks to present to this Court is a "new claim" and it is now too late to present the claim to the Washington courts, then Mr. Khan's claim is procedurally defaulted, even though the State has not raised the procedural default. Therefore,

1    the Court MODIFIES this portion of the R&R. Because Mr. Khan assumed that his claim was

2    not procedurally defaulted and the State did not raise the procedural default, neither party has

3    addressed whether it is now too late for Mr. Khan to present his allegedly new claim to the

4    Washington courts. But the Court need not address whether state law would allow Mr. Khan to

5    present a new claim now because the Court concludes that the claim Mr. Khan seeks to present

6    to this Court is the same claim he presented in state court, not a new claim under *Dickens*.

7          Mr. Khan argues that he was prejudiced by the lack of an interpreter at trial because his

8    "credibility was destroyed due to his limited ability to understand and accurately and precisely

9    express himself in English during his cross-examination by the prosecutor." (Dkt. No. 1 at 11.)

10   Mr. Khan focuses heavily on an exchange with the prosecutor in which he testified that he

11   "never" got erections but meant that he never got erections around his stepdaughter. (*See id.* at

12   12, Dkt. No. 13 at 5–13.) Mr. Khan argues that "[w]ith an interpreter, he would have both

13   understood the question and have been able to give a clear answer that he did not ever become

14   erect around his daughter but did so when he was intimate with his wife." (Dkt. No. 1 at 12.)

15         The state trial court considered voluminous evidence regarding this claim over the course

16   of a three-day evidentiary hearing. First, the court reviewed the entire transcript of Mr. Khan's

17   trial and sentencing hearing. (Dkt. No. 10-2 at 554.) Second, the court heard testimony from Mr.

18   Khan's trial counsel, the prosecutor, the judge who presided over Mr. Khan's trial, the detective

19   who investigated the allegations against Mr. Khan and briefly interviewed him, a Snohomish

20   County Jail Classifications Specialist who interviewed Mr. Khan as part of the Jail's intake

21   process, and three witnesses offered by Mr. Khan: his GED instructor, an attorney who testified

22   as an expert regarding the use of interpreters, and a linguistics expert. (*See id.* at 555–56.) The

23   attorney "offered an opinion that Mr. Khan was prejudiced by the failure to use an interpreter

24   because his lack of English fluency made him appear evasive and he was, therefore, not a

25   credible witness in the jury's perception." (*Id.* at 555.) The linguistics expert "identified various

26   misunderstandings and miscommunications that occurred while Mr. Khan was testifying." (*Id.*)

The court also considered a declaration from Mr. Khan, in which he alleged:

> When I testified, I was confused several times. I did my best to understand and answer, but there were a number of times when I did not understand exactly what was asked or how to accurately express myself in English. I did my best but know that I could have done better with an interpreter.

(Dkt. Nos. 10-1 at 795, 10-2 at 386–87.) Third, Mr. Khan's attorney highlighted this issue in her closing argument:

> When Mr. Khan is standing in court and saying I never get erections, and the prosecution turns around in closing argument and uses that to argue that he is not credible, that is precisely the kind of prejudice that the Washington Supreme Court was looking for in this case and wanted to see more fully developed through a reference hearing.

(Dkt. No. 10-2 at 514–15.) And she returned to it in rebuttal:

> The erection is something that was an important piece of evidence in this case. And Mr. Khan was not able to clearly communicate his story because he didn't have an interpreter and the prosecutor took his answer and argued that you shouldn't believe him in closing argument as a result of that answer. That is specific -- that is a specific way in which he was prejudiced by the failure to use an interpreter. He was not able to give an appropriate answer to the question because he either didn't understand or he was confused and nobody clarified it.

(*Id.* at 546.) Therefore, Mr. Khan clearly presented this claim to the state court.

After weighing all of the evidence, the court concluded that Mr. Khan was not prejudiced. (*Id.* at 560 ("There is no reasonable probability that the result of the trial would have been different if the defendant had been provided an interpreter.").) The court concluded that Mr. Khan "was able to readily comprehend the questions that were asked of him and was further able to make himself understood while testifying." (*Id.* at 556.) Although Mr. Khan "spoke in broken English and sometimes strained to find the right word or words to express himself," (*id.* at 557), "any noteworthy miscommunications were cleared up in the course of Mr. Khan's testimony," (*id.* at 555), including "[a]ny confusion over the term 'erection,'" which "was clarified on re-direct," (*id.* at 556).

Mr. Khan now seeks to present the same claim to this Court. The only difference is he

wishes to testify orally, consistent with a declaration he submitted with his reply brief.[6] (*See* Dkt. No. 13 at 13–14.) Mr. Khan seeks to testify that (1) he "did not fully understand everything that was said at trial and was unable to clearly express [himself]," (2) in his opinion, the trial transcript shows that his testimony—and specifically his misstatement regarding never having erections—undermined his credibility, and (3) if he had an interpreter he would have testified differently at trial. (*See id.*) Mr. Khan's proposed testimony does not fundamentally alter his ineffective assistance of trial counsel claim, nor does it place it in a significantly different and stronger evidentiary posture. The state court already considered extensive evidence about Mr. Khan's alleged inability to express himself clearly and his testimony's impact on the jury and concluded that Mr. Khan was not prejudiced because "any noteworthy miscommunications were cleared up in the course of Mr. Khan's testimony."[7] (Dkt. No. 10-2 at 555.) Mr. Khan's new

---

[6] Because the Court concludes that the information in the declaration does not transform Mr. Khan's claim into a new claim, the Court assumes without deciding that it can and should consider the declaration that was submitted for the first time with Mr. Khan's reply brief.

[7] Mr. Khan latches onto the state trial court's observation that "Defendant has not identified a single instance where he would [have] done anything differently had there been an interpreter," (Dkt. No. 10-2 at 557), to suggest that the court denied Mr. Khan's petition because his post-conviction attorney did not "show specifically how Khan would have answered differently had he been able to express himself fluently," (Dkt. No. 13 at 2.) He then argues that the following statement from his new declaration provides the missing evidence and therefore places his claim in a significantly stronger evidentiary posture:

> When I was asked whether I had an erection on July 17th (when I was wrongly accused) I responded: "What do you mean, erection?" If I had clearly understood the question, I would have answered plain and simple: "No!"

(Dkt. No. 13 at 14.) This evidence does not place Mr. Khan's argument in a significantly stronger evidentiary posture. First, the reason the trial court concluded Mr. Khan was not prejudiced by the erection testimony is because it "was clarified on re-direct," (Dkt. No. 10-2 at 556), *not* because the court was left wondering how Mr. Khan would have answered that question differently. Second, Mr. Khan's post-conviction attorney argued repeatedly throughout the reference hearing that Mr. Khan would have answered the question regarding the erection differently if he had an interpreter. The clear implication is he would have testified that he did not have an erection around his stepdaughter. To the extent Mr. Khan's confirmation that he would have said "No!" in response to the question adds anything to what his attorney argued,

1   declaration just repeats the same arguments his attorney made at the reference hearing. At

2   bottom, Mr. Khan's argument appears to be that the state court would have been persuaded by

3   the arguments his attorney made if only they had come out of his mouth rather than hers. But

4   evidence that merely "supports," "corroborates," or "expands on" a petitioner's allegations in

5   state court does not fundamentally alter the claim, nor does it place it in a significantly different

6   and stronger evidentiary light. *Williams v. Filson*, 908 F.3d 546, 573–75 (9th Cir. 2018).

7   Therefore, the Court need not hold an evidentiary hearing regarding the effectiveness of Mr.

8   Khan's post-conviction attorney.

9   **V.   CONCLUSION**

10          For the foregoing reasons, the Court OVERRULES Mr. Khan's objections, ADOPTS and

11   MODIFIES the R&R, and DENIES Mr. Khan's petition.

13          DATED this 8th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

25   that additional evidence is not "of such significance that [it] effectively transform[s] his
     ineffective assistance of trial counsel claim[] into [a] 'new' claim[] never presented to the state
26   courts." *Williams v. Filson*, 908 F.3d 546, 572 (9th Cir. 2018).